## MATTHEWS v INDUST COMM

Ohio Appeals, 2nd Dist, Franklin Co

No 2362. Decided March 28, 1934

T. J. Duffy, Columbus, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, and Donald J. Hoskins, Prosecuting Attorney, Columbus, for defendant in error.

unable to find the requisite facts to show an injury to the employee growing out of such accident.

The clogging, which is claimed to be the accident, was over. It became a static situation. It then developed upon the employees to correct the condition. They went about this work with deliberation and in the usual way. The result of the usual method of performing the work was to become drenched with water. We quite agree that the attending dangers are just as severe as though a quantity of water would suddenly let loose from some tank and envelop an employee, bringing about compensible injuries. But this would be a subject to be addressed to the Legislature and not to the courts. We are bound to accept the law as we find it.

We think the trial court committed no error in directing the jury to return a verdict in favor of the defendant.

The petition in error will be dismissed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, concurs.
KUNKLE, J, not participating.

## OPINION

By BARNES, J.

The sole and only question for determination in this case is whether or not the evidence, giving it its most liberal interpretation in favor of plaintiff, shows an accident or injury to the decedent husband in the course of his employment. Counsel for plaintiff contends that the clogging of the chute was an unusual incident and that this was the accident which occasioned the decedent husband to be exposed, with the following resultant sickness and death.

We do not think the facts support plaintiff's right of recovery.

If it should be determined that the clogging of the chute was an accident, we are